**BEVAN, MOSCA & GIUDITTA, PC**
A Professional Corporation
222 Mount Airy Road, Suite 200
Basking Ridge, New Jersey 07920
(908) 753-8300
John D. Coyle 02963-2001
Attorneys for KDDI Global LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KDDI GLOBAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FISK TELECOM LLC <br><br> Defendant. | Civil Action No. _____ <br><br> **COMPLAINT** |

Plaintiff KDDI Global LLC ("KGL"), by its undersigned counsel, complaining of defendant Fisk Telecom LLC d/b/a SDI Telecom, LLC ("Fisk"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. KGL is a limited liability company organized under the laws of the State of Delaware, with its primary place of business located at 197 Rt. 18, East Brunswick, New Jersey 08816.

2. KGL is wholly owned by KDDI Corporation, a Japanese corporation with its primary place of business located in Japan.

3. On information and belief based upon the records reviewed, Fisk is a limited liability company organized under the laws of the State of New York, with its primary place of business located at 1091 Yonkers Avenue, Yonkers, New York 10704.

{00071002.1 }

4.   On information and belief based upon the records reviewed, all listed members of Fisk are residents of the State of New York.

5.   Jurisdiction over this matter is based upon 28 U.S.C. § 1332.

6.   This Court has personal jurisdiction over Fisk because it conducts business in this District and the events giving rise to the within claims occurred in this District.

7.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) inasmuch as a substantial part of the events giving rise to the claim occurred within this District.

## FACTUAL ALLEGATIONS

8.   On or about October 27, 2014, KGL and Fisk entered into an agreement titled Reciprocal Carrier Services Agreement (the "Carrier Agreement").

9.   Pursuant to the Agreement, KGL provided certain telecommunication services to Fisk and Fisk provided same to KGL.

10.   The scope of the Carrier Agreement was set forth in the Carrier Agreement as follows:

> **1. Description of Services.** KGL, either directly or through its affiliates or underlying carriers, shall provide telecommunications carrier services and facilities to Customer to route Customer's telecommunications traffic to and from various destinations. Carrier shall provide international telecommunications carrier services and facilities to KGL to route KGL's telecommunication traffic to and from various destinations worldwide.

11.   The Carrier Agreement also contains the following dispute resolution provisions, which include an agreement to arbitrate:

> 13.1 The Parties desire to resolve disputes arising of or relating to this Agreement without litigation. Therefore, except for action seeking a temporary restraining order or an injunction relating to the purposes of this Agreement, or suit to compel compliance with this dispute resolution process, the Parties agree to use the following alternative dispute resolution procedures as the sole remedy with

respect to any controversy or claim arising out of relating to his Agreement or its breach.

13.2 At the written request of either Party, each Party will appoint a knowledgeable representative to meet and negotiate in good faith to resolve any dispute arising out of or relating to this Agreement. The representatives shall have the discretion to determine the location, format, frequency and duration of their negotiations, and to utilize other alternative dispute resolution procedures such as mediation to assist in the negotiations. All discussions and correspondence among the representatives shall be treated as confidential information developed for the purposes of settlement, exempt from discovery, and shall not be admissible in the arbitration described below or in any lawsuit without the agreement of the Parties.

13.3 If the negotiations do not resolve the dispute within sixty (60) days of the initial written request, the dispute shall be submitted to binding arbitration by a single arbitrator at the office of the American Arbitration Association ("AAA") located in Newark, New Jersey. The arbitration shall be held in accordance with the AAA's Commercial Arbitration Rules, as may be applicable to the dispute. The cost of the arbitration. including the fees and expenses of the arbitrator(s), shall be shared equally by the parties unless the arbitration award provides otherwise. Each party shall bear the cost of preparing and presenting its case. The arbitrator(s) are not empowered to award damages in excess of compensatory damages and each Party irrevocably waives any damages in excess of compensatory damages. The Parties agree to undertake all reasonable steps to expedite the arbitration process. Judgment upon any award rendered by the arbitrator may be entered in any court having jurisdiction.

12. From November 16, 2014 through May 15, 2016, KGL and Fisk performed under their reciprocal portions of the Carrier Agreement. Pursuant to the terms of the Carrier Agreement, the amounts owed by Fisk to KGL were offset against the amounts owed by KGL to Fisk and the net balance was paid by Fisk. However, after the offsets were applied, Fisk refused to pay invoices dated April 16, 2016, April 16, 2016, April 20, 2016, April 20, 2016, May 1, 2016, and May 16, 2016.

13. The Carrier Agreement provided that payments were due within 7 calendar days of being invoiced for same.

14. When Fisk did not respond to demands for payment, KGL filed a demand for Arbitration on August 1, 2016 (the "Demand for Arbitration").

15. The Demand for Arbitration with the AAA included claims by KGL against Fisk for $1,870,456.78 for past due services, Case No. 01-17-0003-0567 (the "Arbitration").

16. The Arbitration proceedings will be held in Newark, New Jersey as specified in the Carrier Agreement.

17. On or about March 31, 2017, Fisk submitted a Demand for Arbitration with the AAA, labeled as a "Counterclaim" against KGL.

18. In response to the March 31, 2017 Demand, KGL filed a motion to dismiss the Demand with the arbitrator. While the motion was pending, Fisk requested, and received, permission to file an Amended Demand.

19. On or about June 19, 2017, Fisk filed an Amended Demand for Arbitration with the AAA, labeled as "Amended Counterclaims" against KGL.

20. The Amended Demand contain eight causes of action, for, respectively: (1) breach of the Carrier Agreement; (2) breach of other, unspecified, agreements; (3) promissory/equitable estoppel; (4) unjust enrichment; (5) gross negligence; (6) negligent misrepresentation; (7) tortious interference with contract/business relations; and (8) tortious interference with prospective contractual and business relationships.

21. The first six of the above causes of action are premised on allegations arising out of or related to KGL's sale of telecommunications services to Fisk under the Carrier Agreement.

22. The seventh and eighth causes of action, however, allege that KGL tortiously interfered with an unrelated transaction with a third-party: specifically, the alleged prospective sale of a business to Fisk by Locus Telecommunications, LLC ("Locus").

23. Locus is a wholly owned subsidiary of KGL's parent, KDDI.

24. Locus is not a party to the Arbitration or this action.

## FIRST COUNT
### Injunctive Relief

25. KGL incorporates the preceding paragraphs as if fully set forth herein.

26. Fisk, by way of its seventh and eighth causes of action in its Amended Demand, is attempting to arbitrate disputes that KGL never agreed to arbitrate: namely, disputes concerning an agreement between Fisk and Locus.

27. As a direct and proximate result of Fisk's conduct, KGL has been and continues to be irreparably harmed and damaged.

WHEREFORE, KGL demands judgment against Fisk:

(a) Preliminarily and permanently staying the arbitration pending before the American Arbitration Association, Case No. 01-16-0003-0567, with respect to Fisk's Seventh and Eighth Causes of Action in its Counterclaim against KGL;

(b) Granting compensatory damages, counsel fees, prejudgment interest, costs of suit; and

(c) Such other relief as this Court deems just.

Dated: July 25, 2017

By: _____
John D. Coyle
BEVAN, MOSCA & GIUDITTA, P.C.
A Professional Corporation
222 Mount Airy Road, Suite 200
Basking Ridge, New Jersey 07920
(908) 753-8300
Attorneys for Plaintiff KDDI Global, LLC

## CERTIFICATION UNDER L. CIV. R. 11.2

I hereby certify that, to the best of my knowledge, the matter in controversy herein is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding, other than the Arbitration with the AAA, Case No. 01-17-0003-0567, described herein.

Dated: July 25, 2017

By: _____
John D. Coyle
BEVAN, MOSCA & GIUDITTA, P.C.
A Professional Corporation
222 Mount Airy Road, Suite 200
Basking Ridge, New Jersey 07920
(908) 753-8300
Attorneys for Plaintiff KDDI Global, LLC